**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pimal Property, Inc., a Delaware corporation; Wilson Lam, individually, <br><br>   Plaintiffs, <br><br> vs. <br><br> Fireman's Fund Insurance Company, a foreign corporation; Gaintner Bandler Reed, PLC, an Arizona corporation; Michael J. Vander Maten; and Kevin Reed, <br><br>   Defendants. | No. CIV 04-1178-PHX-JAT <br><br> **ORDER** |

Pending before the Court are the Plaintiffs' Motion to Remand (doc. 50); Defendant Gaintner Bandler Reed's Motion to Dismiss (doc. 51), Defendant Fireman's Fund Insurance Company's Motion to Stay (doc. 53); and Defendant Gaintner Bandler Reed's Motion for Reconsideration (doc. 56). The Court now rules on the motions.

I.  BACKGROUND

On May 11, 2004, the Plaintiffs filed a Complaint against Defendant Fireman's Fund Insurance Company in Maricopa County Superior Court. On June 7, 2004, the Defendant removed this matter to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1441(b), based on allegations of diversity jurisdiction. On November 5, 2004,

1 the Plaintiffs filed a Motion for Leave to file a First Amended Complaint to add several new
2 defendants including Michael Vander Maten, Kevin Reed, and Gaintner Bandler Reed
3 ("GBR"). After holding Oral Argument on the matter, on April 13, 2005, the Court granted
4 the Plaintiffs' Motion for Leave to Amend.

5 On April 26, 2005, the Plaintiffs filed a Motion to Remand this action to Maricopa
6 County Superior Court for lack of subject matter jurisdiction. On May 4, 2005, Defendant
7 GBR filed a Motion to Dismiss. On May 13, 2005, Defendant Fireman's Fund filed a Motion
8 to Stay these proceeding pending resolution of Defendant GBR's Motion to Dismiss. After
9 the motions had been briefed, on September 30, 2005, the parties stipulated to the dismissal
10 of Defendants Kevin Reed and Michael Vander Maten.

11 II.     LEGAL STANDARD AND DISCUSSION

12 As an initial matter, the Court should note that whenever parties in a case do
13 something by stipulation that changes facts underlying the substantive arguments of motions
14 that are still pending before this Court, it is the responsibility of the parties to file a *short*
15 supplement to the pending motions calling this to the Court's attention.

16 Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete
17 diversity between the plaintiffs and the defendants. *Owen Equip. and Recreation Co. v.*
18 *Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402 (1978); *Inecon Agricorporation v. Tribal*
19 *Farms,* 656 F.2d 498 (9th Cir. 1981). In order to achieve "complete diversity" no party
20 plaintiff may be a citizen of the same state as any of the defendants. *Owen Equipment,* 437
21 U.S. at 373, 98 S.Ct. at 2402; *Inecon Agricorporation,* 656 F.2d at 498.

22 According to the Plaintiffs' Motion to Remand and First Amended Complaint: (1)
23 Plaintiff Pimal is a Delaware corporation with a principal place of business in Arizona; (2)
24 Defendant Michael Vander Maten is a citizen of the state of Arizona; (3) Defendant Kevin
25 Reed is a citizen of the state of Arizona; and (4) Defendant GBR is an Arizona corporation.
26 Plaintiffs argue that the addition of the three Defendants destroys subject matter jurisdiction
27 because the Defendants are citizens of the same state as Plaintiff Pimal. Because Defendants
28

1  Vander Maten and Reed have recently been dismissed from this action, the Court need only
2  determine whether Defendant GBR destroys diversity of citizenship in this case.

3        The standard for determining citizenship for purposes of ascertaining diversity
4  jurisdiction is different depending upon whether an entity is a limited liability company or
5  a corporation. A corporation is deemed to be a citizen of both: (1) its state of incorporation;
6  and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1);
7  *Montrose Chemical Corp. of California v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1134 (9th
8  Cir. 1997). Unlike corporations, an unincorporated entity such as an L.L.C. is not, without
9  more, a citizen of the state that created the entity. *Carden v. Arkoma Assocs.,* 494 U.S. 185,
10 187-88, 110 S.Ct. 1015, 1017 (1990). Rather, citizenship is determined by looking at the
11 citizenship of the individuals that comprise the legal entity. *Carden,* 494 U.S. at 196, 110
12 S.Ct. at 1021. In other words, such legal entities are citizens of every state in which each of
13 their members or partners are citizens. *Id.*; *see also Mutuelles Unies v. Kroll & Linstrom,*
14 957 F.2d 707, 711 (9th Cir. 1992) (where a partnership is a party, the citizenship of each
15 partner is considered for diversity purposes and none of the partners can be a citizen of the
16 same state as any opposing party). Failure to allege the citizenship of every member or
17 partner is inadequate to establish diversity jurisdiction.

18       The parties in this case refer to Defendant GBR as an "Arizona corporation." The
19 mere statement that a corporate defendant is a citizen is inadequate to establish diversity
20 jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.,* 446 F.2d 1187, 1190 (9th Cir. 1970).
21 Moreover, through the course of these proceedings, it has never been in dispute that GBR is
22 an L.L.C. An L.L.C. is not a corporation, it is a professional limited liability company.
23 A.R.S. § 29-845(B). Therefore, GBR's citizenship is determined by looking at the citizenship
24 of all of its members or partners.

25       On the face of the pleadings, there are insufficient allegations with respect to the
26 citizenship of each member or partner of GBR for this Court to exercise diversity jurisdiction.
27 Moreover, on November 21, 2005, counsel for GBR confirmed at Oral Argument of the
28 pending motions that GBR members Leroy Gaintner, Kevin Reed, Connie Peters, and Steve

1 Bandler are all citizens of the state of Arizona.[1]  Thus, GBR is an Arizona citizen.

2 In their moving papers, the Defendants concede that the addition of GBR destroys 3 diversity of citizenship.  However, they argue that the Court should either: (1) reconsider its 4 prior ruling allowing the Plaintiffs to amend their Complaint and add the non-diverse 5 defendants; or (2) stay the Court's ruling on the Motion to Remand, rule on Defendant GBR's 6 Motion to Dismiss, dismiss the counts asserted against non-diverse defendants, and retain 7 jurisdiction over this case.

8 A district court can, under appropriate circumstances, dismiss non-indispensable 9 parties in order to perfect subject matter jurisdiction. *Inecon Agricorporation,* 656 F.2d at 10 499; *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1376 (9th Cir. 1980). 11 However, such circumstances are not present in this case.

12 This Court held Oral Argument on the Plaintiffs' Motion for Leave to file a First 13 Amended Complaint. Defendant Fireman's fund had ample opportunity to advance arguments 14 regarding the addition of new defendants in this case.  The Defendants have not provided the 15 Court with any authority that suggests that GBR has standing to bring a motion to reconsider 16 an Order that was entered before GBR was a party to this action. Even assuming that GBR 17 does have standing to bring the Motion to Reconsider, it has not presented anything to suggest 18 that this Court's prior Order was in error.

19 Motions to reconsider are disfavored, and are not the place to make arguments that 20 were not raised in the original briefing. *Corp. v. Lynwood Equip., Inc.,* 841 F.2d 918, 925-26 21 (9th Cir. 1988). The Defendants suggest that in deciding whether to reconsider its prior 22 decision to allow the Plaintiffs to amend their Complaint, the Court should consider summary 23 judgment type evidence that speaks to the viability of the Plaintiffs' claims against GBR. That 24 is not a valid basis for reconsideration.

---

[1] A natural person is a citizen of a particular state if they are a citizen of the United States and domiciled within that state. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 2221 (1989).

- 4 -

When the Plaintiffs moved to amend their Complaint, the Court not only examined the pleadings, it held Oral Argument and found that the Plaintiffs had a legitimate basis for their request to add additional defendants. Despite the fact that the new defendants are not diverse, the relationship of the parties and the nature of the actions alleged in this case at the time the Plaintiffs filed their Motion for Leave to file a First Amended Complaint supported the addition of the new defendants.

GBR has not presented any evidence of fraudulent joinder or improper motive on the part of the Plaintiffs. Additionally, this case is still in the early stages of litigation. The Defendants have not shown that this case is so far along that they would be prejudiced by remand. Nor have they presented any argument to suggest that it would be more equitable to dismiss GBR rather than remanding this action to superior court.

Finally, this Court cannot, as the Defendants suggest, stay its ruling on the Motion to Remand and instead rule on the other pending motions, including the Defendants' Motion to Dismiss. This Court cannot make a determination as to the viability of the Plaintiffs' claims without first determining whether the Court has subject matter jurisdiction over the case. A challenge to federal subject matter jurisdiction may be raised at any time. *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 392, 118 S.Ct. 2047, 2054 (1998)*; Quarty v. United States,* 170 F.3d 961, 973 n.7 (9th Cir. 1999). 28 U.S.C. § 1447 controls the remand of removed matters for lack of subject matter jurisdiction. Pursuant to the statute, if a district court determines at any time before final judgment that it is without subject matter jurisdiction it "shall" remand the action to the state court. 28 U.S.C. § 1447(c); *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997). Having considered the Plaintiffs' Motion to Remand, the Court concludes that it lacks jurisdiction to decide the remaining motions.

Defendant GBR is a citizen of the state of Arizona. Because the newly added defendant is a citizen of the same state as Plaintiff Pimal, the addition of GBR has destroyed diversity of citizenship and this Court no longer has subject matter jurisdiction over the case. *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1373 (9th Cir. 1980). Therefore, remand of this action to state court is required.

1   Accordingly,

2   IT IS ORDERED GRANTING the Plaintiffs' Motion to Remand to Superior Court
3   (doc. 50).

4   IT IS FURTHER ORDERED REMANDING this case to the Maricopa County
5   Superior Court in the State of Arizona.

6   IT IS FURTHER ORDERED DENYING for lack of jurisdiction Defendant Gaintner
7   Bandler Reed's Motion to Dismiss (doc. 51).

8   IT IS FURTHER ORDERED DENYING for lack of jurisdiction Defendant Fireman's
9   Fund Insurance Company's Motion to Stay (doc. 56).

10   IT IS FURTHER ORDERED DENYING for lack of jurisdiction Defendant Gaintner
11   Bandler Reed's Motion for Reconsideration (doc. 56).

13   DATED this 29th day of November, 2005.

_____
James A. Teilborg
United States District Judge

- 6 -